# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH DON TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-09-733-F |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner Kenneth Don Tate challenges his state court conviction and sentence in Case No. CF-87-1820, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##11-12), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. §2244(d). Petitioner has responded to the Motion (*see* Doc. #16). The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I. Background**

On November 18, 1987, Petitioner was convicted on two counts of murder and one count of pointing a firearm. Petition [Doc. #1] at 1. On December 18, 1987, Petitioner was sentenced to death for Count I, murder, life imprisonment for Count II, murder, and ten years' imprisonment for pointing a firearm. *Id*.

On May 10, 1995, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions and sentences on Counts II and III, affirmed his conviction on Count I, but reversed his death sentence on Count I because the trial court had failed to include an instruction that the jury could sentence Petitioner to life without possibility of parole. *See* Response, Exhibit 1 (Opinion of the OCCA).

On June 9, 2004, Petitioner was re-sentenced on Count I. Response, Exhibit 4 (Docket Sheet, District Court for Oklahoma County, Case No. CF-1987-1820) at 21. According to Respondent, Petitioner waived his right to a retrial of the sentencing stage for Count I and entered a plea pursuant to a plea bargain. He was sentenced to life. Response at 1.

On June 25, 2004, Petitioner filed a motion to withdraw his plea as to Count I and a motion for a new trial. The motions were denied the same day. Response, Exhibit 4 at 21.

On August 9, 2004, Petitioner appealed the denial of his motion to withdraw his plea and his motion for a new trial to the OCCA. Response, Exhibit 2 (Docket Sheet, Oklahoma Court of Criminal Appeals, Case No. C-2004-811). Then, on August 31, 2004, Petitioner filed a notice waiving his right to an appeal. The OCCA dismissed the appeal on September 16, 2004. Response, Exhibit 3 (Order Dismissing Appeal, Case No. C-2004-811).

Petitioner filed another motion for new trial on February 15, 2005. The trial court denied the motion on May 26, 2005. Response, Exhibit 4 at 23.

On August 8, 2005, Petitioner filed an application for post-conviction relief in the trial court. *Id.* The application was denied on September 29, 2005. *Id* at 24.

**II.     Analysis**

A state prisoner's right to file an application for writ of habeas corpus in federal court is subject to a one-year limitation period. *See* 28 U.S.C. § 2244(d). The period begins to run from "the latest of" four dates. In the instant case, Respondent contends that the appropriate triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner does not dispute this assertion.

Petitioner was re-sentenced on Count I on June 9, 2004. His motion to withdraw his plea and a motion for new trial filed on June 25, 2004, were denied by the trial court the same day. Petitioner initially filed a Notice of Intent to Appeal, but he did not complete the appellate process. The OCCA granted Petitioner's motion to dismiss the appeal on September 16, 2004. Petitioner's convictions and sentences became final on that date, and the one-year limitation period began to run. Absent tolling, Petitioner's limitation period would have expired on September 16, 2005.

The statutory limitation period may, however, be tolled by a properly filed application for State post-conviction relief:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

28 U.S.C. § 2244(d)(2). Petitioner sought post-conviction relief on August 8, 2005, about one month before his limitation period would have expired. *See* Respondent's Motion, Exhibit 4 at 23. The trial court denied the application fifty-two days later on September 29,

2005. The docket sheet reflects that Petitioner filed a Notice of Intent to Appeal the denial of post-conviction relief on October 7, 2005. On October 25, 2005, Petitioner filed a "Petition for More Time to Prepare and Motion to Have this Court Order OIDS in Norman to Provide Me with My Case File." Response, Exhibit 4 at 24. According to the docket entry, the last motion was withdrawn by the court administrator because Petitioner had submitted only the original copy of the document. *See* Response Exhibit 4 at 24. Because Petitioner did not perfect his appeal of the trial court's denial of his application for post-conviction relief, his limitation period was tolled by an additional thirty days from the date the trial court denied his application. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). The instant petition for habeas relief was filed almost four years after the limitation period expired. The eighty-two days of statutory tolling are insufficient to render this habeas petition timely.[1]

In certain limited circumstances, a habeas petitioner's limitation period may be further tolled under the doctrine of "equitable tolling." The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.

---

[1]The time during which Petitioner's motion for new trial, filed on February 15, 2005, was pending does not toll the limitation period because a motion for new trial is not "collateral review." Even if the one hundred days during which the motion for new trial was pending did serve to toll the limitation period, the petition before this Court would still be untimely.

4

2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[2]

In his reply to Respondent's Motion to Dismiss, Petitioner offers no explanation for his untimely filing. Rather, Petitioner asks that this Court "use its discretion in [his] favor and waive any requirements of these Local Rules when the administration of Justice requires. According to the Rules of Procedure." Reply at 1. The limitation period is a matter of federal law, however, not a requirement under this Court's Local Rules. Petitioner is not entitled to equitable tolling, and his Petition should be dismissed.

## **RECOMMENDATION**

It is recommended that Respondent's Motion to Dismiss [Doc. ## 11-12] be granted and the Petition be dismissed as untimely.

---

[2]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners, but the Court has assumed, *arguendo*, that equitable tolling is available. *See Lawrence v. Florida*, 549 U.S. 327 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), requiring a petitioner to show that she has been pursuing her rights diligently and that some extraordinary circumstances prevented her from making a timely filing. *Lawrence*, 544 U.S. at 336.

5

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by December  21st , 2009. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  30th  day of November, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE